No. 21-15667

In the

# United States Court of Appeals

## For the Ninth Circuit

_____

WILLIAM KIVETT, BERNARD BRAVO, and LISA BRAVO,

*Plaintiffs-Appellees*,

v.

FLAGSTAR BANK, FSB,

*Defendant-Appellant.*

_____

On Appeal from the United States District Court
for the Northern District of California
Honorable William Haskell Alsup
Case No. 3:18-cv-05131

_____

**MOTION OF APPELLANT FLAGSTAR BANK, N.A., FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING OR REHEARING EN BANC**

_____

| | | |
|---|---|---|
| David C. Powell | Brian D. Schmalzbach | Jonathan Y. Ellis |
| MCGUIREWOODS LLP | Kathryn C. Barber | MCGUIREWOODS LLP |
| Two Embarcadero Center | MCGUIREWOODS LLP | 501 Fayetteville Street |
| Suite 1300 | Gateway Plaza | Suite 500 |
| San Francisco, CA 94111 | 800 E Canal Street | Raleigh, NC 27601 |
| T: (415) 844-1970 | Richmond, VA 23219 | T: (919) 755-6688 |
| | T: (804) 775-4746 | jellis@mcguirewoods.com |

*Counsel for Defendant-Appellant Flagstar Bank, N.A.*

## CORPORATE DISCLOSURE STATEMENT

On December 1, 2022, petitioner's parent corporation, Flagstar Bancorp, Inc., merged with and into New York Community Bancorp, Inc. In light of those changes, the corporate disclosure statement should be amended to read:

Petitioner Flagstar Bank, N.A., a federally chartered national bank, is wholly owned by New York Community Bancorp, Inc., a publicly traded entity. According to schedules filed with the Securities and Exchange Commission, BlackRock, Inc. holds 10% or more of the stock of New York Community Bancorp., Inc. and is therefore an indirect holder of an equity interest of 10% or more in Flagstar Bank, N.A.

Defendant-Appellant Flagstar Bank, N.A.,[*] respectfully moves for a 30-day extension of time in which to file a petition for rehearing or rehearing en banc, until October 7, 2024 (a Monday). Flagstar's petition is currently due on September 5, 2024. Counsel for Flagstar have conferred with counsel for Plaintiffs-Appellees, and Plaintiffs-Appellees oppose this request.

1. This appeal concerns whether California Civil Code § 2954.8(a), requiring banks to pay California borrowers interest on mortgage escrow accounts, is preempted by the National Bank Act (NBA), 12 U.S.C. § 25b(b)(1)(B). The appeal arises from a final judgment, granting nearly $10 million in damages to a class of Flagstar's California customers and enjoining Flagstar to comply with California's interest-on-escrow law.

The panel issued its initial decision in May 2022. In that decision, the panel held that the resolution of the preemption question was controlled by the Court's previous decision in *Lusnak v. Bank of America, N.A.*, 883 F.3d 1185 (9th Cir. 2018). The *Lusnak* Court held that California's IOE law was not preempted by the NBA as applied to a national bank, relying heavily on an

---

[*] Effective December 1, 2022, Flagstar Bank converted from a federally chartered savings bank into a federally chartered national bank and changed its name from Flagstar Bank, FSB, to Flagstar Bank, N.A.

2

inference from Congress's decision in the Truth in Lending Act (TILA), 15 U.S.C. § 1639d(g)(3), to require financial institutions to comply with state IOE laws in certain circumstances. *Lusnak*, 883 F.3d at 1194-97. Although the *Lusnak* decision cited *Barnett Bank of Marion County, N.A. v. Nelson,* 517 U.S. 25 (1996), it did not grapple with the circumstances presented there or engage in any analysis (or cite) the precedents on which *Barnett Bank* relied.

2. After the panel's initial decision in this appeal, the Supreme Court decided *Cantero v. Bank of America, N.A.*, slip op. (May 30, 2024). *Cantero* concerned whether the NBA preempts New York's equivalent IOE law. The *Cantero* plaintiffs initially relied heavily on *Lusnak* and TILA Section 1639d(g)(3). But the Second Circuit declined to draw the same inference from TILA; and the U.S. Department of Justice, although generally supporting plaintiffs, likewise disagreed with *Lusnak* and its reliance on TILA. Rather than rely on TILA, the Supreme Court explained in *Cantero* that the preemption of state IOE laws must be determined by a "nuanced comparative analysis" of the Supreme Court's NBA precedents, including but not limited to *Barnett Bank,* considering "the text and structure of the laws, comparison to other precedents, and common sense." Slip op. 12-13 & n.3. Following *Cantero*, the Supreme Court granted Flagstar's petition for a

3

writ of certiorari, vacated the panel's initial decision in this appeal, and remanded the case to this Court for consideration in light of its decision in *Cantero*. *Flagstar Bank, N.A. v. Kivett*, No. 22-349 (U.S. June 10, 2024).

  On August 22, 2024, the panel in this case issued its decision on remand. Doc. 61-1. Without requesting further briefing from the parties or holding argument, the panel again affirmed the district court's judgment. The panel's decision is nearly identical to its initial decision, again concluding that *Lusnak* controls the resolution of this case. In two new sentences, the panel concludes the Supreme Court's decision in *Cantero* "suggests that *Lusnak* was correctly decided" and that this Court "properly applied the test for preemption" in that decision. Doc. 61-1, at 5. Like the *Lusnak* decision itself, the panel's decision does not engage in any comparison of California's IOE law to the state laws considered in *Barnett Bank* and in the other cases identified as key precedents in *Cantero*.

  3. Flagstar respectfully requests an extension of time to assess the implications of the panel's recent decision and to prepare a petition for rehearing and/or rehearing en banc. Federal Rule of Appellate Procedure 26(b) provides that a party may receive an extension of time to file "[f]or good cause." *See also* 9th Cir. R. 31-2.2(b) (authorizing extension by "written

4

motion supported by a showing of diligence and substantial need"). Good cause exists for Flagstar's request for a modest extension of time in which to a petition for rehearing or rehearing en banc in this case.

As reflected by the Supreme Court grant of certiorari, this appeal concerns questions of exceptional importance about the scope of preemption under the NBA. The same or similar questions are currently being considered by the First and Second Circuits in *Conti v. Citizens Bank, N.A.*, No. 22-1770 (1st Cir.), and *Cantero v. Bank of America, N.A.*, No. 21-400 (2d Cir.). In both cases, the courts have requested briefing from the parties about the implications of the Supreme Court's recent decision in *Cantero*. *See* Order, *Conti v. Citizens Bank, N.A.*, No. 22-1770 (1st Cir. June 20, 2024); Order, *Cantero v. Bank of America, N.A.*, No. 21-400 (2d Cir. June 25, 2024). The panel's decision in this case, however, was issued without additional briefing, argument, or obtaining the views of the parties or amici curiae who have previously weighed in on such questions.

The importance of the questions presented here and the lack of opportunity for the parties to address the implications of the Supreme Court's decision in *Cantero* warrant a modest extension of time in which to seek rehearing or rehearing en banc. The briefing in this appeal was

5

submitted and oral argument held before the Supreme Court's discussion of the NBA preemption in *Cantero* (and, indeed, before the Second Circuit's Cantero decision) and before the Supreme Court instructed this Court to reconsider its previous decision in light of its *Cantero* decision. A modest extension of time will allow Flagstar to appropriately consider application of *Cantero* decision to this case and to provide the Court with its analysis of the implications sufficient to determine whether rehearing or rehearing en banc is warranted.

    A modest extension of time is further warranted in light of undersigned counsel's pre-existing professional and personal obligations. Before September 5, 2024—the current due date—counsel is currently obligated to attend a mediation in the U.S. Court of Appeals for the Eleventh Circuit, to complete an opening brief on appeal in the U.S. Court of Appeals for the Federal Circuit, to complete and file a petition for appeal in the Supreme Court of Virginia, and to attend a post-trial hearing as newly retained appellate counsel in North Carolina state court. The same period also includes a federal holiday. This request for an extension of time is not made for delay, and no party will be unduly prejudiced if it is granted.

For the foregoing reasons, Flagstar requests an additional 30 days in which to file a petition for rehearing or rehearing en banc.

Dated: August 29, 2024          Respectfully Submitted,

/s/ Jonathan Y. Ellis
Jonathan Y. Ellis
MCGUIREWOODS LLP
501 Fayetteville Street
Suite 500
Raleigh, NC 27601
T: (919) 755-6688
jellis@mcguirewoods.com

Brian D. Schmalzbach
Kathryn C. Barber
MCGUIREWOODS LLP
Gateway Plaza
800 E Canal Street
Richmond, VA 23219
T: (804) 775-4746
bschmalzbach@mcguirewoods.com

David C. Powell
MCGUIREWOODS LLP
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111
T: (415) 844-1970
dpowell@mcguirewoods.com

*Counsel for Appellant Flagstar Bank, N.A.*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the length limitations of 9th Cir. R. 27-1(1)(d) and Fed. R. App. P. 27(d)(2)(A) because it contains 1,107 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

2. This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced Book Antiqua typeface using Microsoft Word, in 14-point size.

*/s/ Jonathan Y. Ellis*
Jonathan Y. Ellis

*Counsel for Appellant Flagstar Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2024, the foregoing was filed with the Clerk of the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system, which will also serve counsel of record.

*/s/ Jonathan Y. Ellis*
Jonathan Y. Ellis

*Counsel for Appellant Flagstar Bank, N.A.*
