No. 21-15667

# In The United States Court Of Appeals For The Ninth Circuit

WILLIAM KIVETT, BERNARD BRAVO, and LISA BRAVO,

*Plaintiffs-Appellees*,

v.

FLAGSTAR BANK, FSB,

*Defendant-Appellants*.

_____

On Appeal from the United States District Court
for the Northern District of California, San Francisco Division
The Honorable William Alsup, District Judge
No. 3:18-cv-05131-WHA

_____

**RESPONSE TO PETITION FOR REHEARING**
_____

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Peter B. Fredman (Cal. SBN 189097)
LAW OFFICE OF PETER B. FREDMAN PC
230 Domingo Avenue, #227
Berkeley, CA 94705
Telephone: (510) 868-2626
Facsimile:  (510) 868-2627
peter@peterfredmanlaw.com

*Counsel for Plaintiffs-Appellees*

WILLIAM KIVETT, BERNARD BRAVO, and LISA BRAVO

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................... 1

II. BACKGROUND .................................................................................... 2

III. FLAGSTAR'S PETITION SHOULD BE DENIED..................................... 6

    A. Panel rehearing should be denied because *Lusnak* controls and is not "clearly irreconcilable" with *Cantero*................... 6

    B. En Banc review is not warranted because *Lusnak* does not conflict with any decision of any another court of appeals or involve a question of exceptional importance. ................. 11

IV. CONCLUSION.................................................................................... 13

- ii -

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Barnett Bank of Marion Cnty., N.A. v. Nelson*,
  517 U.S. 25 (1996) ................................................................................................2

*Cantero v. Bank of Am., N.A.*,
  49 F.4th 121 (2d Cir. 2022) ................................................................................3, 8

*Cantero v. Bank of Am., N.A.*,
  602 U.S. 205 (2024) ........................................................................................*passim*

*Close v. Sotheby's, Inc.*,
  894 F.3d 1061 (9th Cir. 2018) ........................................................................6, 7, 8

*Lusnak v. Bank of Am., N.A.*,
  883 F.3d 1185 (9th Cir. 2018) ........................................................................1, 9, 13

*Miller v. Gammie*,
  335 F.3d 889 (9th Cir. 2003) ........................................................................1, 6, 9, 10

*Morseburg v. Balyon*,
  621 F.2d 972 (9th Cir. 1980) ............................................................................7

*United States v. Lopez*,
  58 F.4th 1108 (9th Cir. 2023) ........................................................................11, 12

*United States v. Robertson*,
  875 F.3d 1281 (9th Cir. 2017) ........................................................................6, 7, 10

*United States v. Rosciano*,
  499 F.2d 173 (7th Cir. 1974) ........................................................................2, 11

### OTHER AUTHORITIES

Ninth Circuit Rule 35-1(a) ................................................................................1, 2, 11, 12

Fed. R. App. P. 35 ................................................................................................1, 11, 12

010748-11/2869764 V1

## I. INTRODUCTION

The Court should deny the petition for rehearing. There is no basis for the three-judge panel to decide this case anew because the Supreme Court's recent opinion in *Cantero v. Bank of Am., N.A.*, 602 U.S. 205 (2024), is not "clearly irreconcilable" with the precedent of *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185 (9th Cir. 2018), *reh'g denied*, 2018 U.S. App. LEXIS 12745 (2018), *cert. denied*, 139 S. Ct. 567 (2018), which therefore still controls the panel's decision here. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

*Lusnak* remains binding precedent because its panel correctly applied the "significant interference" test that the Supreme Court later confirmed in *Cantero*. In contrast, the Supreme Court in *Cantero* vacated the Second Circuit opinion because it "relied on a line of cases going back to *McCulloch v. Maryland* to distill a categorical test that would preempt virtually all state laws that regulate national banks." 602 U.S. at 220-21. Thus, further briefing on the merits is required in the Second Circuit (but not here) to address the "significant interference" test instead of that categorical test.

Moreover, en banc review should not be ordered because it is not "necessary to secure or maintain uniformity of the court's decisions" and because this case does not present a "question of exceptional importance." *See* Fed. R. App. P. 35(a); Ninth

Circuit Rule 35-1(a). *See also United States v. Rosciano*, 499 F.2d 173, 174 (7th Cir. 1974) (en banc) ("function of en banc hearings is not to review alleged errors for the benefit of losing litigants").

## II. BACKGROUND

Six years ago, this Court held in *Lusnak* that California's interest-on-escrow (IOE) law was not preempted by the National Bank Act (NBA) as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank) to expressly incorporate the "significant interference" test for preemption set forth in *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25 (1996) ("*Barnett Bank*").

Since then, all mortgage servicers in this Circuit (whether national banks, state banks, or non-banks) except for one have complied with California's IOE law, which requires all banks to pay 2% interest to borrowers on money held in escrow accounts. The one exception is Defendant-Appellant Flagstar Bank, N.A.[1] In an effort to differentiate itself from *Lusnak*, Flagstar argued unsuccessfully in the district court that the "significant interference" test presented a question of fact that must be applied on a bank-by-bank basis. *See* Memo. at pp. 3-4 (Dkt. No. 48-1).[2]

---

[1] Flagstar was chartered as a Federal Savings Bank (FSB) when this case started.

[2] Flagstar attached the 2022 Memorandum opinion as Exhibit B to its petition for rehearing.

- 3 -

In May 2022, this panel rejected that argument in a memorandum opinion. *See* Memo. at p. 4 (Dkt. No. 48-1). It held that "[n]o factual review of Flagstar's record on summary judgment was necessary to determine whether § 2954.8(a) prevented or significantly interfered with Flagstar's banking operations, and the district court did not err in declining to conduct such review." The panel recognized *Lusnak* as binding precedent, rejected Flagstar's efforts to distinguish it, and affirmed the district court's summary judgment against Flagstar.

In September 2022, a Circuit split arose temporarily when the Second Circuit expressly rejected *Lusnak*—which its district court had followed—and held that the NBA preempted New York state's similar IOE law. *See Cantero v. Bank of Am., N.A.*, 49 F.4th 121 (2d Cir. 2022). Based on the circuit split between *Lusnak* and *Cantero*, Flagstar petitioned the Supreme Court for a writ of certiorari, as did the plaintiffs in *Cantero*. The Supreme Court granted the *Cantero* petition and held this case in abeyance pending its outcome—if the Supreme Court affirmed *Cantero* then *Lusnak* would no longer be good law. This case was never briefed on the merits or argued at the Supreme Court.

In May 2024, the Circuit split ended when the Supreme Court vacated the judgment of the Second Circuit in *Cantero* "[b]ecause the Court of Appeals in this case did not apply that standard in a manner consistent with Dodd-Frank and *Barnett*

*Bank.*" 602 U.S. at 209. The Supreme Court did not mention *Lusnak* or the Ninth Circuit panel's decision in this matter. Nor did the Supreme Court decide whether the state IOE laws at issue significantly interfered with banking under the applicable standard. *Ibid.* Rather, the Supreme Court admonished the Second Circuit for ignoring Dodd-Frank and *Barnett Bank*.

The Supreme Court explained that the Second Circuit had erred when it "relied on a line of cases going back to *McCulloch v. Maryland* to distill a categorical test that would preempt virtually all state laws that regulate national banks, at least other than generally applicable state laws such as contract or property laws. Bank of America supports the Court of Appeals' approach." *Cantero*, 602 U.S. at 220-21. The Supreme Court also explained that, in contrast, the position of the *Cantero* plaintiffs "would yank the preemption standard to the opposite extreme, and would preempt virtually no non-discriminatory state laws that apply to both state and national banks." *Id*. at 221.

The Supreme Court rejected both approaches, explaining that "courts may find a state law preempted 'only if,' 'in accordance with the legal standard' from *Barnett Bank*, the law 'prevents or significantly interferes with the exercise by the national bank of its powers.' § 25b(b)(1)(B)." *Id*. at 221. Thus, the Supreme Court held in *Cantero* that "[b]ecause the Court of Appeals did not analyze preemption in

a manner consistent with Dodd-Frank and *Barnett Bank*, we vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion." *Id.*

As for this case, the Supreme Court issued a summary grant, vacate, remand (GVR) order "for further consideration in light of *Cantero*." Dkt. No. 57. Upon such consideration, the panel issued a revised memorandum opinion that reaffirmed its prior decision. Memo. at p. 1 (Dkt. No. 61-1).[3] The panel explained that it was still bound by *Lusnak* because "the Supreme Court's decision in *Cantero* suggests that *Lusnak* was correctly decided … [and] … properly applied the test for preemption from *Barnett Bank* … in concluding that no legal authority established that IOE laws significantly interfered with national bank powers, and that the text of Dodd–Frank also reflected Congress's view that such laws do not. *Lusnak*, 883 F.3d at 1197; *see Cantero*, 144 S. Ct. at 1301 n.3 (collecting cases determining the degree of state laws' interference with national bank powers from 'the text and structure of the laws, comparison to other precedents, and common sense')." *Id*. at p. 5.

---

[3] Flagstar attached the 2024 Memorandum opinion as Exhibit A to its petition for rehearing.

### III. FLAGSTAR'S PETITION SHOULD BE DENIED

Flagstar argues that this three-judge panel misinterpreted *Cantero* in its recent revised memorandum opinion. Flagstar asserts that *Lusnak* is "clearly irreconcilable" with *Cantero* and, thus, was implicitly overruled by *Cantero* under *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003). Alternatively, Flagstar argues for en banc review of *Lusnak*'s determination that the NBA does not preempt California's IOE law. Flagstar's arguments are incorrect.

### A. Panel rehearing should be denied because *Lusnak* controls and is not "clearly irreconcilable" with *Cantero*.

Recognizing that panel rehearing is inappropriate unless *Lusnak* is overruled, and that *Cantero* did not expressly do so, Flagstar erroneously asserts that *Cantero* overruled *Lusnak* by implication. In the Ninth Circuit, however, intervening higher authority must so "undercut the theory or reasoning underlying the prior circuit precedent" as to make the prior precedent "clearly irreconcilable" with the intervening authority. *Miller*, 335 F.3d at 900. That simply is not the situation here.

The "'clearly irreconcilable requirement is a high standard.'" *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (quoting *United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017)). It is "'not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent.'"

010748-11/2869764 V1

*Close*, 894 F.3d at 1073 (quoting *Robertson*, 875 F.2d at 1291). "'So long as the court can apply our prior circuit precedent without running afoul of the intervening authority it must do so.'" *Id*. at 1073 (quoting *Robertson*, 875 F.2d at 1291). "[T]he fact that we might decide a case differently than a prior panel is not sufficient grounds for deeming the case overruled. …Nothing short of 'clear irreconcilability' will do." *Id*. at 1073-74.

*Close* is on point. It is a preemption case, similar to the case at hand, involving whether federal copyright law preempted the California Resale Royalties Act (CRRA). *Id.* at 1064. There, the Ninth Circuit applied the *Miller* standard to reject the defendants' argument that *Morseburg v. Balyon*, 621 F.2d 972 (9th Cir. 1980), had "been implicitly overruled" by intervening authorities. *Close*, 894 F.3d at 1072-1074. *Close* reached this conclusion despite undeniable tension between *Morseburg* and the intervening authorities. *Id.*

Indeed, the district court in *Close* had held that "'recent decisions of the Supreme Court and the Ninth Circuit have so eroded *Morseburg* that it [ ] no longer represents a binding interpretation of the first sale doctrine and the CRRA.'" *Close*, 894 F.3d at 1068 (quoting *Estate of Graham v. Sotheby's, Inc.*, 178 F. Supp. 3d 974, 985 (C.D. Cal. 2016)). *Close* disagreed. Acknowledging the "force" of some of the defendants' argument, *Close* nonetheless held there was "no sure basis to declare

- 7 -

*Morseburg* overruled" because the intervening authority "at most contradicts isolated statements in *Morseburg*; it does not completely undermine *Morseburg*'s reasoning or mandate a different result in that case." *Id.* at 1074. "In sum, *Morseburg*'s reasoning would be suspect today, but it is not clearly irreconcilable with intervening higher authority. It therefore controls our analysis of plaintiffs' claims." *Id*.

Here, little (if anything) in *Cantero* supports the argument that it overruled *Lusnak* by implication under the Ninth Circuit standards in *Miller* and *Close*. The Supreme Court did not mention *Lusnak*, let alone overrule it, even though *Lusnak* featured prominently in the Second Circuit opinion that the Supreme Court vacated. *See*, *e.g., Cantero*, 49 F.4th at 129, 133, 137-139, 144. And the Solicitor General had also opined on *Lusnak* to the Supreme Court, as Flagstar discusses in its petition (p. 8). In sum, *Lusnak* was squarely under consideration when the Supreme Court decided *Cantero* but declined to mention *Lusnak*. If the Supreme Court found the result or reasoning of *Lusnak* to be irreconcilable with its *Cantero* opinion, it surely would have said so.[4]

---

[4] It appears unprecedented to apply overruled-by-implication doctrine against a case that was squarely before (but not addressed by) the higher authority at the time. The usual pattern is that the intervening higher authority emerges separately over time. For example, *Miller v. Gammie* decided in 2003 that Supreme Court opinions

In any event, *Lusnak* and *Cantero* are not inconsistent at all, let alone clearly irreconcilable. In *Cantero*, the Supreme vacated the Second Circuit's ruling that the NBA preempted New York's IOE law, ruling that the Second Circuit did not conduct a "nuanced comparative analysis" or to "analyze preemption in a manner consistent with Dodd-Frank and *Barnett Bank*." *Cantero*, 602 U.S. at 220-221. Instead, the Second Circuit "relied on a line of cases going back to *McCulloch v. Maryland* to distill a categorical test that would preempt virtually all state laws that regulate national banks." *Id*. at 221.

*Lusnak* did not make that mistake. It correctly relied on Dodd-Frank and *Barnett Bank* when it found that the NBA did *not* preempt California's IOE law. *Lusnak*, 883 F.3d at 1188. If the Supreme Court had affirmed the Second Circuit's opinion in *Cantero*, that likely would have been irreconcilable with *Lusnak*, but that did not happen.

Indeed, unlike the vacated Second Circuit opinion, *Lusnak* did not devise a new categorical test but instead applied *Barnett Bank*'s "significant interference" test throughout the opinion to the specifics of IOE law at issue. *Lusnak* is also nuanced, drawing on diverse sources (such as cases, statutes, and legislative history)

---

in 1993 (*Antoine*) and 1997 (*Kalina*) had effectively overruled a Ninth Circuit opinion from 1989 (*Babcock*). *See Miller*, 335 F.3d at 892.

to reach its conclusion that "large corporate banks like Bank of America, can comply with state escrow interest laws without any significant interference with their banking powers." *Id.* at 1196.

Further, *Cantero*'s emphasis on the precedents on which *Barnett Bank* relied is not the sort of change that so "undercuts" *Lusnak*'s reasoning as to make the cases "clearly irreconcilable." *Miller*, 335 F.3d at 900; *see Cantero*, 602 U.S. at 220 ("In assessing the significance of a state law's interference, courts *may* consider the interference caused by the state laws in Barnett Bank … and the [] precedents on which Barnett Bank relied." (emphasis added)). In fact, it does not undercut the reasoning in *Lusnak* at all. As the Supreme Court explained, "[i]n *Barnett Bank* and each of the earlier precedents, the Court reached its conclusions about the nature and degree of the state laws' alleged interference with the national banks' exercise of their powers based on the text and structure of the laws, comparison to other precedents, and common sense." *Cantero*, 602 U.S. at 220 n.3; *see* Memo. (Dkt. No. 61-1) at p. 5. That is precisely what *Lusnak* did.

This panel's revised memorandum opinion is correct. *See* Memo. (Dkt. No. 61-1). The Ninth Circuit requires that "[s]o long as the court 'can apply our prior circuit precedent without running afoul of the intervening authority' it must do so." *Robertson*, 875 F.3d at 1291 (quoting *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir.

2012)). That is the situation here. Because this panel is still bound to follow *Lusnak* regardless, panel rehearing is pointless.

**B.      En Banc review is not warranted because *Lusnak* does not conflict with any decision of any another court of appeals or involve a question of exceptional importance.**

En banc review is also not warranted in this case. The "function of en banc hearings is *not* to review alleged errors for the benefit of losing litigants." *Rosciano*, 499 F.2d at 174 (emphasis added). Rather, a "court of appeals' en banc power is meant to allow 'for more effective judicial administration.'" *United States v. Lopez*, 58 F.4th 1108, 1109 (9th Cir. 2023) (statement by R. Nelson in support of denial of en banc review) (quoting *Textile Mills Sec. Corp. v. Comm'r*, 314 U.S. 326, 334-35 (1941)).

Accordingly, en banc review is generally appropriate only when "(1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35. "When the opinion of a panel directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity, the existence of such conflict is an appropriate ground for petitioning for rehearing en banc." Ninth Circuit Rule 35-1.

These criteria are not satisfied here. First, there is no Circuit split because the Second Circuit's opinion was vacated. The fact that other circuits are now considering the issue anew is certainly not grounds for en banc review. Fed. R. App. P. 35; Ninth Circuit Rule 35-1. An "en banc review—with its considerable expenditure of time and resources—is better reserved for a subsequent case if necessary." *Lopez*, 58 F.4th at 1109. "The time and labor required to produce yet another set of writings from our court en banc for the Supreme Court to consider does not seem worth the candle at this stage." *Id*.

Second, this is not a question of exceptional importance. Flagstar's assertion that compliance with IOE law threatens to disrupt and undermine mortgage escrow practices is proven false by the fact that *all* banks except Flagstar have complied with California's IOE law[5] at least since *Lusnak* became final in 2018.[6] Flagstar's

---

[5] These facts are from the cross-motions for summary judgment that resolved this case at the district court level upon which Flagstar's appeal was originally based. *See* Answering Brief at pp. 14-15 (Dkt. No. 30) (citing Supplemental Excerpts of Record (SER) 98-100). As of the time of the motions for summary judgment, Flagstar itself complied with California IOE law with respect to the 80% of its mortgage servicing portfolio that is sub-services on behalf of third-party (non-bank) mortgage servicing rights (MSR) holders. *See* Answering Brief at p. 8 (Dkt. No. 30) (citing SER 61-62). It is only when Flagstar retains the MSR for itself that it does not comply with California IOE law. *Id.*

[6] For example, Wells Fargo and JP Morgan Chase were complying with California IOE law before *Lusnak*. *See* Answering Brief at pp. 14-15 (Dkt. No. 30) (citing SER 98-100).

assertion that this case has profound implications for NBA preemption more broadly is belied by the recognition in both *Cantero* and *Lusnak* that whether particular consumer protection laws are preempted under the Dodd-Frank and *Barnett Bank* standard must be made on a *non*-categorical bases. *See Cantero*, 602 U.S. at 220-221; *Lusnak*, 883 F.3d at 1196.

## IV. CONCLUSION

For these reasons the petition for rehearing should be denied.

Dated: November 21, 2024          Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP


By: */s/ Steve W. Berman*
    Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Peter B. Fredman (Cal. SBN #189097)
LAW OFFICE OF PETER B. FREDMAN PC
2930 Domingo Avenue, Suite 227
Berkeley, CA 94705
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

*Counsel for Appellees William Kivett, Bernard Bravo and Lisa Bravo*

- 14 -

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B), Ninth Circuit Rules 32-1(a), and November 12, 2024 Order (Dkt. No. 71) because it contains 2,863 words, excluding the parts of the brief Federal Rule of Appellate Procedure 32(f).

This response complies with typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point size Times New Roman font.

Dated: November 21, 2024

                                                     */s/ Steve W. Berman*
                                                     Steve W. Berman

                                                     *Counsel for Appellees William Kivett,*
                                                     *Bernard Bravo and Lisa Bravo*

- 15 -

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Response to Petition for Rehearing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 21, 2024.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                               */s/ Steve W. Berman*
                               Steve W. Berman

                               *Counsel for Appellees William Kivett,*
                               *Bernard Bravo and Lisa Bravo*