No. 21-15667

## In the
# United States Court of Appeals
## For the Ninth Circuit

———————

WILLIAM KIVETT, BERNARD BRAVO, and LISA BRAVO,
*Plaintiffs-Appellees*,

v.

FLAGSTAR BANK, N.A.,

*Defendant-Appellant.*

———————

On Appeal from the United States District Court
for the Northern District of California
Honorable William Haskell Alsup
Case No. 3:18-cv-05131

———————

**OPPOSITION TO APPELLEES' MOTION FOR LEAVE TO FILE RESPONSE TO AMICUS CURIAE BRIEF**

———————

| | | |
|---|---|---|
| David C. Powell | Kathryn M. Barber | Jonathan Y. Ellis |
| MCGUIREWOODS LLP | Brian D. Schmalzbach | MCGUIREWOODS LLP |
| Two Embarcadero Center | MCGUIREWOODS LLP | 501 Fayetteville Street |
| Suite 1300 | Gateway Plaza | Suite 500 |
| San Francisco, CA 94111 | 800 E Canal Street | Raleigh, NC 27601 |
| T: (415) 844-1970 | Richmond, VA 23219 | T: (919) 755-6688 |
| | T: (804) 775-4746 | jellis@mcguirewoods.com |

*Counsel for Defendant-Appellant Flagstar Bank, N.A.*

Under this Court's orders dated December 24 and 31, 2024, the parties are due to file by February 6 simultaneous supplemental briefing on whether California Civil Code § 2954.8(a) is preempted. Yesterday, this Court granted amici curiae leave to file a brief addressing the same question by one week later, February 13. In response, Plaintiffs-Appellees William Kivett, Bernard Bravo, and Lisa Bravo have moved—without seeking Flagstar's position—for leave to file an additional brief two weeks later, on February 27, responding to any amicus curiae brief.

Flagstar respectfully opposes the requested relief. The panel has indicated its intent to move expeditiously in rehearing this case, and the Court has already solicited the parties' availability for oral argument in mid-March. Further briefing in response to an amicus brief two weeks after that brief is filed (and three weeks after the deadline for supplemental briefing) would not serve that aim. Nor is such briefing likely to be confined to arguments exclusively in the amicus brief. Appellees' merits brief and opposition to Flagstar's rehearing petition never so much as cited the same amici's briefs at those stages. Instead, such briefing would give one party an asymmetric ability to respond to the other party's arguments.

1

Should the Court be inclined to allow further briefing, however, it should permit both parties to file a response brief by February 20. Just as amici curiae usually do not get the last word, neither do appellees. Flagstar should have, at least, an equal opportunity to respond. Counsel for Appellees informed the undersigned that they do not oppose Flagstar being given the same opportunity to file a response brief of equal length, but Appellees would restrict that response to addressing the amici's brief and oppose shortening the requested response time from February 27 to February 20.

Dated: January 9, 2025

Respectfully submitted,

*/s/ Jonathan Y. Ellis*
Jonathan Y. Ellis
MCGUIREWOODS LLP
501 Fayetteville Street
Suite 500
Raleigh, NC 27601
T: (919) 755-6688
*jellis@mcguirewoods.com*

Kathryn M. Barber
Brian D. Schmalzbach
MCGUIREWOODS LLP
Gateway Plaza
800 E Canal Street
Richmond, VA 23219
T: (804) 775-4746
*kbarber@mcguirewoods.com*

2

*bschmalzbach@mcguirewoods.com*

David C. Powell
MCGUIREWOODS LLP
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111
T: (415) 844-1970
*dpowell@mcguirewoods.com*

*Counsel for Flagstar Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I electronically transmitted this document to the Clerk's Office using the CM/ECF System, which will accomplish service on all counsel of record.

Dated: January 9, 2025          */s/ Jonathan Y. Ellis*
Jonathan Y. Ellis

*Counsel for Flagstar Bank, N.A.*